UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA BORKHOLDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:23-cv-00225-JPH-MJD |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ENTRY GRANTING MOTION TO DISMISS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Joshua Borkholder's petition for a writ of habeas corpus challenges his conviction in disciplinary proceeding ISF 23-01-0199. The respondent moves to dismiss the petition because on June 20, 2023, the Indiana Department of Correction vacated Mr. Borkholder's guilty finding and sanctions. *See* dkts. 9, 9-1. Mr. Borkholder agrees, and has moved to withdraw his petition for writ of habeas corpus. Dkt. 11.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). To be considered "in custody" for purposes of a challenge to a prison disciplinary conviction, the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).

1

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed") (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)); *Honig v. Doe,* 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) (internal citations omitted).

This action is now moot because Mr. Borkholder's petition no longer challenges a disciplinary action that affects the fact or duration of his custody. A moot case must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 520 U.S. 1198 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle,* 7 Wall. 506, 514, 19 L. Ed. 264 (1868)).

Accordingly, the respondent's motion to dismiss, dkt. [9], is **granted**. Mr. Borkholder's petition is **dismissed** for **lack of jurisdiction**. Mr. Borkholder's

motion to withdraw his petition, dkt. [11], is **denied as moot**. The **clerk is directed** to enter **final judgment** consistent with this Entry.

**SO ORDERED.**

Date: 8/3/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOSHUA BORKHOLDER
127672
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov